Arthur C. Aulisi, J.
This is a motion by the condemnee Logan-Rogers, Inc., to compel compliance with a subpoena duces tecum served upon the condemnor Amsterdam Urban Renewal Agency.
The above proceeding is presently being tried before Commissioners of Appraisal appointed by the court..
The issue presented on this application is related to the testimony of G. Richard Kelley, the appraiser for the condemnor. During the course of the trial, the testimony of Mr. Kelley with respect to the economic rent of the subject property came under attack on cross-examination by the attorney for the condemnee. Mr. Kelley’s opinion as to the economic rent was based in part upon a lease of a rental unit in the Galinski-Insogna building which is in the immediate vicinity of the subject property. This Galinski-Insogna building contained other rental units which were not used by Mr. Kelley as the basis for his opinion.
The attorney for the condemnee now seeks the production of the appraisal made by Mr. Kelley of the Galinski-Insogna building for use on cross-examination. It would appear that if a portion or a rental unit of the Galinski-Insogna property is *871 comparable to the subject property as a basis for an opinion by Mr. Kelley relative to the economic rent of the subject property, then other portions of the rental units of the Galinski-Insogna property could be considered in testing the opinion of the appraiser. The two properties are in the same business area, in the same block and on the same side of the street. Any differences between the subject building and the Galinski-Insogna building, and their respective component parts, can be explained and adjusted by the appraiser.
Although an appraiser may select any property as a comparable, if he relies upon a portion of a building as a basis for his opinion as to value, he should be required to explain the reasons for not using the other rental units in the same building. Otherwise the choice made by the appraiser, which could possibly be based upon special circumstances, would not accurately reflect the appropriate value of the property.
To permit the condemnee the use of the appraisal on the other building does not violate the special rule of the Appellate Division for the exchange of appraisal reports (22 NYCRR 839.3), since the parties have already exchanged such reports, and the appraisal report sought on this motion is to be used solely for cross-examination.
Therefore, the condemnee’s motion is hereby granted.